United States District Court
Southern District of Texas
**ENTERED**
July 18, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO CELSO GARZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-165 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, TX. Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on May 17 2017, challenging a disciplinary conviction which resulted in 45 days commissary, recreation and telephone restrictions, a suspended contact visit, and a reduction in line class status. (D.E. 1, Pages 5 and 11).

Pending is Petitioner's Application to Proceed *In Forma Pauperis*. (D.E. 7). Petitioner's prisoner trust fund account statement indicates a balance of $134.86 as of June 6, 2017 and six month average balance of $125.15. (D.E. 7-1). Therefore, on June 12, 2017, Petitioner was **ORDERED** to either pay the $5.00 filing fee in this matter or to show cause why he was unable to do so no later than July 7, 2017. (D.E. 8). Petitioner was warned that failure to comply may result in dismissal. (D.E. 8, Page 2); *McCullough v. Lynaugh,* 835 F.2d 1126 (5th Cir.1988); Fed. R. Civ. P. 41(b). To date, Petitioner has

failed to comply. Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

Further, federal habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson* 507 U.S. 619, 633-34 (1993). Therefore, Petitioner must establish a constitutional violation to state a claim for federal habeas corpus relief. Petitioner acknowledges he is not eligible for mandatory supervision and his disciplinary conviction did not result in a loss of previously earned good time credits. (D.E. 1, Page 5). In prison disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected interests. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). These interests are generally limited to sanctions that affect the *quantity* of time served by a prisoner, not the condition. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence. The loss of good-time credits would not support a constitutional claim if an inmate is not eligible for mandatory supervision and therefore, such an inmate would not have a claim for federal habeas relief. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002). Further, phone privileges, recreation limitations and adjustments to a

prisoner's classification also do not implicate due process. *Madison*, 104 F.3d at 768; *see also Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000).

In this case, Petitioner did not lose any previously earned good time days and further, he is not eligible for mandatory supervision. (D.E. 1, Page 5). Therefore, Petitioner has failed to state any grounds for federal habeas relief. To the extent Petitioner may assert his line class status affects his ability to appear before the parole board, the restrictions on Petitioner are mere changes in conditions of confinement and do not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d at 768. Release on parole is entirely speculative, therefore, there is no constitutional expectancy of parole in Texas. *Id.* As such, sanctions imposed on Petitioner, including a reduction in line class, do not implicate due process concerns and do not require federal habeas corpus relief. *See Luken v. Scott*, 71 F.3d 192, 193-195 (5th Cir. 1995)(changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause"); *see also Malchi*, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Therefore, in addition to failing to prosecute this case, it is respectfully recommended that Petitioner's application for habeas corpus relief be **DISMISSED** for the foregoing reasons.

It is further recommended that a Certificate of Appealability be **DENIED** as reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254

petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    Respectfully submitted this 18th day of July, 2017.

                                                               Jason B. Libby
                                            United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).